UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GREG ADISHIAN, on Behalf of Himself and All Others Similarly Situated, | Civil Action No. 5:24-cv-00873-JKP-HJB |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| XPEL, INC., RYAN L. PAPE, AND BARRY R. WOOD, | |
| Defendants. | |

**MOTION OF GREG ADISHIAN FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL;
<u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

PLEASE TAKE NOTICE that Plaintiff Greg Adishian ("Adishian" or "Movant") hereby respectfully moves this Court, pursuant to §21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (i) appointing Adishian as Lead Plaintiff on behalf of all purchasers of XPEL, Inc. ("XPEL" or the "Company") securities between November 8, 2023, and May 2, 2024 (the "Class"); (ii) approving Adishian's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and The Schall Law Firm ("SLF") as Co-Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

The facts and law supporting this Motion are fully set forth in the attached Memorandum of Law and the Declaration of Cameron Cano ("Cano Decl.") filed in support thereof.

**MEMORANDUM OF LAW**

## I. PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action brought on behalf of all persons or entities who purchased or otherwise acquired XPEL Technologies Corp. ("XPEL" or the "Company") securities (the "Action"). Plaintiff Greg Adishian ("Adishian" or "Movant") alleges violations of §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5, against Defendants (defined later herein).

As demonstrated below, Adishian should be appointed to serve as Lead Plaintiff of the Action because: (1) his motion for appointment is timely filed; (2) he has the largest financial interest in this litigation; and (3) he satisfies the relevant requirements of Rule 23, as Adishian's claims are typical of other Class members' claims and Adishian will fairly and adequately represent the interests of the Class. In addition, Adishian's selection of Scott+Scott and SLF as Co-Lead Counsel should be approved because Scott+Scott and SLF have substantial expertise in securities class action litigation and the experience and resources necessary to efficiently and effectively prosecute the Action.

## II. FACTUAL BACKGROUND

XPEL, which maintains its principal executive offices in San Antonio, Texas, is a provider of protective films and coatings, including automotive paint protection films, surface protection films, automotive and architectural window films, and ceramic coatings. ¶14.[1] XPEL's ordinary shares trade on the NASDAQ exchange under the symbol "XPEL." ¶9. Between November 8,

---

[1] Citations to "¶" and "¶¶" are to the Amended Complaint, dated August 8, 2024, No. 5:24-cv-00873. ECF No. 2.

2

2023, and May 2, 2024 (the "Class Period"), XPEL, along with Defendant Ryan L. Pape ("Pape"), the Company's Chief Executive Officer ("CEO"), Director, and Chair of the Board, and Defendant Barry R. Wood ("Wood"), the Company's Senior Vice President and Chief Financial Officer ("CFO") (collectively, "Individual Defendants") (collectively with XPEL, "Defendants") made material misrepresentations and omissions of material facts. Specifically, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) XPEL's competitors were siphoning an increasingly large segment of the market; (2) the Company's revenue growth became increasingly dependent upon existing customers and partners; (3) as a result, the Company's revenue growth for 2023 and 2024 dwindled; and (4) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

The truth began to reach the market when, on May 2, 2024, the Company announced its first quarter 2024 financial results, reporting only 5% revenue growth year-over-year — well below analyst expectations. ¶18. During the earnings call, hosted on the same day, Pape admitted that the Company had been losing customers in the aftermarket channel. *Id.* On this news, XPEL's stock price fell $20.93, or nearly 39%, to close at $32.86 per share on May 2, 2024, on unusually heavy trading volume, harming investors. ¶19.

### III.   ARGUMENT

#### A. Adishian Should Be Appointed Lead Plaintiff

##### 1. The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

Once the court has decided the issue of consolidation, the PSLRA mandates that the court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. §78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action

3

arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1).

First, the plaintiff who files the first-filed action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, within 60 days after publication of the Early Notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

Finally, within 90 days after publication of the Early Notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). Under this provision, the "most adequate plaintiff" is determined by the following process. First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member who: (a) has either filed a complaint or moved for lead plaintiff in response to a notice; (b) has "the largest financial interest in the relief sought"; and (c) otherwise satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc). Second, so long as that presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff. *See, e.g.*, *Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 564 (E.D. Tex. 2021). As demonstrated below, Adishian meets these requirements and should be appointed to serve as Lead Plaintiff.

**B. Adishian Satisfies the Lead Plaintiff Provisions of the PSLRA**

    **1. Adishian Filed a Timely Motion**

4

On August 8, 2024, which was within 20 days of the filing of the complaint as required by 15 U.S.C. §78u-4(a)(3)(A)(i), Plaintiff Greg Adishian published notice of that Action via *BusinessWire*, a widely circulated, national, business-oriented wire service. *See* Cano Decl., Ex. A. Consequently, members of the proposed Class who wish to be appointed as Lead Plaintiff are required to seek such appointment within 60 days after publication of that notice. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Therefore, the time period in which Class members may move to be appointed Lead Plaintiff under 15 U.S.C. §78u-4(a)(3)(A)-(B) expires on October 7, 2024. Adishian timely filed his motion within the 60-day period following publication of the Notice and has submitted herewith a sworn certification attesting that he is willing to serve as a representative party on behalf of the Class and to provide his transactions in XPEL securities. *See* Cano Decl., Ex. B. By making a timely motion in response to the PSLRA notice, Adishian satisfies the first PSLRA requirement to be appointed as Lead Plaintiff.

**2. Adishian Has the Largest Financial Interest in the Relief Sought by the Class**

"Under the PSLRA, courts are to presume that the [movant] with the largest financial stake in the relief sought by the class is the lead plaintiff so long as he or she otherwise satisfies the requirements of Rule 23(a)."[2] *Reata Pharms.* at 564; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). Courts in this Circuit have found that the loss suffered is the determinative factor in the financial interest analysis. *Reata Pharms.* at 565 (citing *Giovagnoli v. GlobalSCAPE, Inc.*, No. SA-17-CV-753-XR, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017) (collecting cases)). As evidenced by the accompanying PSLRA Certification and Loss Chart detailing his transactions and losses, Adishian purchased or otherwise acquired XPEL securities during the Class Period and suffered losses of approximately $81,416 as a result of Defendants' misconduct.

---

[2] Unless otherwise specified, all emphasis is added and citations are omitted.

5

*See* Cano Decl., Exs. B & C. Adishian has a significant financial interest in this case and is unaware of any other movant with greater financial losses. Therefore, Adishian has the "largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Adishian Otherwise Satisfies Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23 provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4). Of these four prerequisites, only two – typicality and adequacy – "are relevant." *See Reata Pharms.* at 565. Consequently, in deciding a motion to appoint lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff.

Typicality exists when a movant's claims arise from the same series of events and are based on the same legal theories as the claims of all other class members. *Id.* "'Factual differences will not defeat typicality as there is no requirement the claims be identical.'" *Stein v. Match Grp., Inc.*, No. 3:16-cv-549-L, 2016 WL 3194334, at *5 (N.D. Tex. June 9, 2016) quoting *Buettgen v. Harless*, 263 F. R. D. 378, 381 (N.D. Tex. 2009). Here, the claims asserted by Adishian are typical of the claims of the other members of the putative Class because, like all other members of the Class, Adishian: (a) purchased or otherwise acquired XPEL securities during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements; and (c) suffered damages as a result thereof. Since Adishian's claims are based on the same legal theories and arise

6

from the same event, practice, or course of conduct that gives rise to the claims of other class members, typicality is satisfied.

A potential lead plaintiff "is adequate when he or she is prepared to prosecute the action vigorously and when no conflicts exist between the named plaintiffs' interests and the class members' interests." *Reata Pharms.* at 566. Adishian here is "adequate" to serve as the Class Representative in the Action because his interests are clearly aligned with the interests of the putative Class. Adishian, like all other members of the Class, suffered losses as a result of purchasing XPEL securities at prices that were artificially inflated due to Defendants' alleged misconduct. Adishian will, therefore, benefit from the same relief as other Class members. *See* Cano Decl., Ex. C. Further, Adishian goes beyond the "preliminary showing" requirement and provides a declaration further demonstrating his adequacy to represent the Class. *See* Cano Decl., Ex. D (Declaration). Under these circumstances, there exists absolutely no evidence of antagonism between Adishian and the putative Class.

Adishian has also demonstrated that he is an adequate representative in this matter by retaining competent and experienced counsel. As shown below, proposed Co-Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Adishian has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the purposes of this motion.

### C. Adishian's Selection of Co-Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In making this determination, the court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Adishian has selected the law firms of Scott+Scott and SLF to represent the Class. Scott+Scott and SLF have substantial experience in the prosecution of securities fraud class actions, possess the necessary resources to efficiently conduct this litigation, and will vigorously prosecute this case on behalf of Adishian and the putative Class. *See* Cano Decl., Exs. E & F (firm résumés). Scott+Scott has recovered hundreds of millions of dollars in damages on behalf of securities investors.[3] Also, Scott+Scott currently serves as lead or co-lead counsel in numerous securities class actions pending in several U.S. district courts.[4] Similarly, SLF has served as co-lead or additional counsel in many successful securities class actions[5] and currently serves as co-

---

[3] Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Micro Focus Int'l plc Sec. Litig.*, Lead Case No. 18-cv-01549 (CA Super. Ct. San Mateo Cnty.) ($107.5 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Super. Ct. Hudson Cnty.) ($102.5 million settlement); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Cap. Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.) ($13 million settlement).

[4] *See, e.g.*, *White v. Brooge Energy Limited*, No. 2:24-cv-00959 (C. D. Cal.); *Marselis v. Fox Factory Holding Corp.*, No. 1:24-cv-00747 (N.D. Ga.); *Severt v. UiPath, Inc.*, No. 1:23-cv-07908 (S.D.N.Y.); *City of Omaha Police and Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 1:23-cv-01769 (S.D.N.Y.); *Pompano Beach Police and Firefighters Ret. Sys. v. Olo Inc.*, No. 1:22-cv-08228 (S.D.N.Y.); *Jochims v. Oatly Group AB*, No. 1:21-cv-06360 (S.D.N.Y.); *Peterson v. TriplePoint Venture Growth BDC Corp.*, No. 3:23-cv-02980 (N.D. Cal.); *Sundaram v. Freshworks, Inc.*, No. 3:22-cv-06750 (N.D. Cal.); *City of Birmingham Relief and Ret. Sys. v. Acadia Pharms. Inc.*, No. 3:21-cv-00762 (S.D. Cal.); *Golubowski v. Robinhood Mkts., Inc.*, No. 3:21-cv-09767 (N.D. Cal.); and *Strezsak v. Ardelyx Inc.*, No. 4:21-cv-05868 (N.D. Cal.).

[5] Recoveries obtained in securities class actions in which SLF acted as additional counsel include: *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679 (C.D. Cal.) ($187.5 million settlement); *Klein v. Altria Grp., Inc.*, No. 3:20-cv-00075 (E.D. Va.) ($90 million settlement); *St. Clair Cnty. Emps.' Ret. Sys. v. Resideo Techs., Inc.*, No. 0:19-CV-02863 (D. Minn.) ($55 million settlement).

lead counsel in *Bergman v. Caribou Biosciences, Inc.*, No. 4:23-cv-01742 (N.D. Cal.) and *In re The Hain Celestial Grp. Sec. Litig.*, No. 2:16-cv-04581 (E.D.N.Y.).  *See also* Jasnoch Decl., Ex. F.

In light of the foregoing, the Court should approve Adishian's selection of Scott+Scott and SLF as Co-Lead Counsel.  The Court can be assured that by approving Adishian's choice of Co-Lead Counsel, the putative Class will receive the highest caliber of representation.

## IV.   CONCLUSION

For all the foregoing reasons, Adishian respectfully requests that the Court: (1) appoint Adishian as Lead Plaintiff on behalf of the Class; (2) approve Adishian's selection of Scott+Scott and SLF as Co-Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

DATED:  October 7, 2024                         **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 */s/ Cameron Cano*
Cameron Cano (24101314)
7718 Wood Hollow Drive, Suite 105
Austin, TX 78731
Telephone: (737) 843-2007
ccano@scott-scott.com

Thomas L. Laughlin, IV (*pro hac vice*)
Nicholas S. Bruno (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
tlaughlin@scott-scott.com
nbruno@scott-scott.com


**THE SCHALL LAW FIRM**
Brian J. Schall (*pro hac vice* forthcoming)
Brian England (*pro hac vice* forthcoming)
Andrew Brown (*pro hac vice* forthcoming)

2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192
brian@schallfirm.com
briane@schallfirm.com
andrew@schallfirm.com

*Counsel for Lead Plaintiff Movant Greg Adishian and Proposed Co-Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

                                                        */s/ Cameron Cano*
                                                        Cameron Cano