UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREG ADISHIAN on Behalf of Himself and ALL Others Similarly Situated, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | SA-24-CV-873-JKP (HJB) |
| XPEL TECHNOLOGIES CORP, CEO RYAN L. PAPE, and CFO BARRY R. WOOD, | § § § § | |
| Defendants. | § § | |

**ORDER APPOINTING LEAD PLAINTIFF
AND CO-LEAD COUNSEL FOR THE CLASS**

Before the Court is Motion of Greg Adishian for Appointment as Lead Plaintiff and Approval of Co-Lead Counsel; Memorandum of Law in Support Thereof (Docket Entry 13), and Notice that Greg Adishian's Motion for Appointment as Lead Plaintiff and Approval of Co-Lead Counsel is Unopposed (Docket Entry 15). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 6.)

**I.     Lead Plaintiff.**

Pursuant to the §21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1934 ("PSLRA"), codified at §21D of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), the Court hereby determines that Plaintiff Greg Adishian is the most adequate plaintiff and satisfies the requirements of the PSLRA and it is hereby **ORDERED** that Plaintiff's motion (Docket Entry 13) is **GRANTED**. The Court hereby appoints Greg Adishian as Lead Plaintiff to represent the interests of the Class in the Action.

**II.    Co-Lead Counsel.**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), it is **FURTHER ORDERED** that the following firm will serve as Co-Lead Counsel on behalf of the Class:

> The Schall Law Firm
> Attorney Brian J. Schall (*pro hace vice* forthcoming)
> Brian England (*pro hace vice* forthcoming)
> Andrew Brown (*pro hace vice* forthcoming)
> 2049 Century Park East, Suite 2460
> Los Angeles, CA 900067
> (310) 301-3335
> brian@schallfirm.com
> briane@schallfirm.com
> andrew@schallfirm.com

Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel who Co-Lead Counsel shall designate:

(a)  to coordinate the briefing and argument of any and all motions;

(b)  to coordinate the conduct of any and all discovery proceedings;

(c)  to coordinate the examination of any and all witnesses in depositions;

(d)  to coordinate the selection of counsel to act as a spokesperson(s) at all pretrial conferences;

(e)  to call meetings of Plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f)  to coordinate all settlement negotiations with counsel for Defendants;

(g)  to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter and delegate work responsibilities to selected counsel as may be required;

(h)  to coordinate the preparation and filings of all pleadings; and

(i)  to supervise all other matters concerning the prosecution or resolution of the claims

asserted in the Action.

No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any Plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by Plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

Service upon any Plaintiff of all pleadings, motions, or other papers in this Action, except those specifically addressed to a Plaintiff other than Lead Plaintiff, shall be completed upon service of Co-Lead Counsel.

Co-Lead Counsel shall be the contact between Plaintiffs and Plaintiffs' counsel and Defendants' counsel, as well as the spokespersons for all Plaintiffs' counsel, and shall direct and coordinate the activities of Plaintiffs' counsel. Co-Lead Counsel shall be the contact between the Court and Plaintiffs and their counsel.

**III.    Newly Filed or Transferred Actions.**

When a case that arises out of the subject matter of this consolidated Action is hereinafter filed in this Court or transferred to this Court from another court, the clerk of this Court shall:

(a) file a copy of this Order in the separate file for such action;

(b) mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

(c) make the appropriate entry in the docket for this Action.

Each new case arising out of the subject matter of this Action that is filed in this Court or

3

transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within 10 days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

**SIGNED** on October 23, 2024.

Henry J. Bemporad
United States Magistrate Judge