**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| GREG ADISHIAN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>XPEL, INC., RYAN L. PAPE, AND BARRY R. WOOD,<br><br>Defendants. | Civil Action No. 5:24-cv-00873-JKP-HJB |

**NOTICE OF VOLUNTARY DISMISSAL OF CLAIMS AGAINST DEFENDANTS**
**XPEL, INC., RYAN L. PAPE, AND BARRY R. WOOD PURSUANT TO**
**RULE 41(a)(1)(A)(i)**

Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure,[1] Plaintiff Greg

Adishian (herein, "Plaintiff") hereby dismisses the above-captioned action, in its entirety, without

prejudice. Rule 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss an action without prejudice

by filing a notice of dismissal before the opposing party serves an answer or motion for summary

judgment. Fed. R. Civ. P. 41(a)(1)(A)(i); *see Carter v. United States*, 547 F.2d 258, 259 (5th Cir.

1977) ("As the plain terms of [the Rule] establish, a plaintiff has an absolute right to dismiss a

---

[1] Since a class has not been certified nor proposed for purposes of settlement, Plaintiff's motion for voluntary dismissal is governed by Rule 41(a) rather than Rule 23(e). *See* Fed. R. Civ. P. 23(e) (stating that "[t]he claims, issues, or defenses of a certified class [. . .] may be settled, voluntarily dismissed, or compromised only with the court's approval"); *Stephens v. Capitol Cnty. Mut. Fire Ins. Co.*, No. 1:09-cv-759, 2009 WL 10707943, at *2 n.2 (E.D. Tex. Nov. 23, 2009) ("Because this is not a certified class action, Plaintiffs' motion for voluntary dismissal is governed by Rule 41(a)(2) rather than Rule 23(e)"); accord *Buller v. Owner Operator Indep. Driver Risk Retention Grp., Inc.*, 461 F. Supp. 2d 757, 764 (S.D. Ill. 2006) (noting that voluntary dismissals occurring prior to class certification are outside the scope of Rule 23(e)); *Gonzalez v. Proctor & Gamble Co.*, No. 06-cv-869, 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) (applying Rule 41(a)(2) to a plaintiff's motion to dismiss putative class action).

lawsuit before the defendant has filed an answer or summary judgment motion."). To date, Plaintiff has not filed an amended complaint and no Defendant in this action has served an answer or motion for summary judgment in response to any complaint. Plaintiff's notice is therefore "self-effectuating and terminates the case in and of itself[.]" *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam), as revised (May 15, 2015).

Dated: December 23, 2024

Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Cameron Cano*
Cameron Cano (24101314)
7718 Wood Hollow Drive, Suite 105
Austin, TX 78731
Telephone: (737) 843-2007
ccano@scott-scott.com

Thomas L. Laughlin, IV (*pro hac vice*)
Nicholas S. Bruno (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
tlaughlin@scott-scott.com
nbruno@scott-scott.com

**THE SCHALL LAW FIRM**
Brian J. Schall (*pro hac vice* forthcoming)
Brian England (*pro hac vice* forthcoming)
Andrew Brown (*pro hac vice* forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192
brian@schallfirm.com
briane@schallfirm.com
andrew@schallfirm.com

*Counsel for Lead Plaintiff Greg Adishian and Proposed Co-Lead Counsel for the Class*

2

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing instrument has been sent to all interested parties and counsel of record via the Court's electronic filing system, email, first-class mail, or facsimile on December 23, 2024.

*/s/ Cameron Cano*
Cameron Cano